UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEVIN E. SHAFFER,
Plaintiff,

v.

DAVID WILSON, et al.,
Defendants.

Case No. 26-cv-05861-NW

**ORDER DENYING "PETITION" TO FILE LATE CLAIM WITHOUT PREJUDICE, SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Re: ECF No. 3

Plaintiff Devin Shaffer, a state pretrial detainee, filed a *pro se* civil rights lawsuit alleging several claims against San Jose Police Department officers and Safeway Corporation employees. *See* ECF No. 1. Shaffer also filed a "Petition for Request of Leave to File Late 42 U.S.C. [§] 1983 Claim." *See* ECF No. 3 at 1. The "petition" and Complaint are now before the Court, respectively, for decision and screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DENIES** the "petition" and **DISMISSES** the Complaint with leave to amend.

## I. BACKGROUND

Shaffer alleges in his Complaint[1] that on June 26, 2019, he was harassed and falsely accused of shoplifting by several Safeway Corporation employees, including Defendants Deena Sandoval Gonzales, David Joseph Banuelos, and Veronica De La Cruz. Shaffer alleges that Banuelos and Gonzales pushed and struck him; Shaffer then struck Banuelos and pushed Gonzales to get away from them. Banuelos allegedly called Shaffer, who is Caucasian, "the 'n word.'" ECF No. 1 at 7. Shaffer alleges that he had placed merchandise into his pocket on his way to the

[1] All allegations in this section are from the Complaint. *See* ECF No. 1.

register, but he denies any attempts to shoplift.

As the scuffle ensued, Defendant Officers David Wilson, Mark Huiskens, and Gabriela Jefferson, all of whom were San Jose Police Department officers, approached the area. As Banuelos allegedly pushed Shaffer to the ground, Huiskens "approached [Shaffer] from behind and used an unnecessary . . . [and] excessive . . . force by placing [Shaffer] in a chokehold." ECF No. 1 at 9. Shaffer alleges that although he was not resisting and complied with commands to place his hands behind his back, Huiskens continued to choke him after he was on the ground. Jefferson also tightly handcuffed Shaffer and pulled on the handcuffs, hurting Shaffer. Similarly, Huiskens allegedly applied pressure to Shaffer's wrist, causing Shaffer "extreme pain" for approximately two minutes. *Id.* at 11. Shaffer alleges that Huiskens used force against him without understanding whether Shaffer had committed any crime.

Gonzales and Banuelos allegedly gave police false victim statements accusing Shaffer of shoplifting and using force against them. Huiskens, Jefferson, and Wilson then allegedly authored false and conflicting reports about the incident. For example, Huiskens failed to document his choking of Shaffer and Wilson inaccurately stated in his report that Huiskens had grabbed Shaffer by the torso, rather than by the neck.

Shaffer seeks monetary damages and injunctive relief.

## II. LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

## III. DISCUSSION

The Court considers Shaffer's claims below.

### A. Safeway Defendants

Shaffer alleges several claims against Safeway Corporation and its three employees, Gonzales, Banuelos, and De La Cruz (collectively, "Safeway Defendants"). As described above, to state a cognizable claim under § 1983, Defendants must be "state actors," meaning that they were acting under color of state law. *See West*, 487 U.S. at 48. Private citizens, such as employees of a private company like Safeway Corporation, as well as Safeway Corporation itself, are generally not considered "state actors" under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640, (1980); *see also Flournoy v. Walmart Stores, Inc.*, No. 22-cv-06057, 2023 WL 6307305, at

*3 (N.D. Cal. Sep. 27, 2023) (collecting cases showing that altercations with private store security or employees does not constitute action under the color of state law even where altercation leads to plaintiff's arrest and detention by police).

Action taken by private individuals or entities may be considered under color of state law only if there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001). The Ninth Circuit has summarized the tests applied by the Supreme Court to determine whether action taken by a private individual or entity may be considered under color of state law as follows:

> The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental. The close nexus and joint action tests may be satisfied where the court finds a sufficiently close nexus between the state and the private actor so that the action of the latter may be fairly treated as that of the State itself, or where the State has so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise. Governmental compulsion or coercion may exist where the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.

*Rawson v. Recovery Innovations*, 975 F.3d 742, 748 (9th Cir. 2020) (citation modified). Shaffer cannot proceed with a § 1983 claim against Safeway Corporation or its employees unless he sets forth sufficient facts in an amended complaint tending to show that they acted under color of state law under one of the tests above. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899–900 (9th Cir. 2008). All claims against the Safeway Defendants are **DISMISSED WITH LEAVE TO AMEND**.

### B. Excessive Force

The Fourth Amendment protects arrestees from the use of excessive force amounting to an unreasonable seizure. *See Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to allegations of excessive force against arrestee). Although claims of excessive force are generally analyzed under the Fourth Amendment's reasonableness standard, it is well-established that "[g]ratuitous and completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment."

United States District Court
Northern District of California

*Fontana*, 262 F.3d at 880. Here, liberally construing the Complaint, Shaffer states a cognizable claim of excessive force against Huiskens and Jefferson. *See Rosales v. Cnty. of San Diego*, 511 F. Supp. 3d 1070, 1089–90 (S.D. Cal. 2021) (noting that use of chokehold on non-resisting person violates Fourth Amendment); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (holding that handcuffing an arrestee so tightly as to cause pain and ignoring arrestee's complaints of pain may constitute excessive force). But the Complaint does not provide sufficient information about Wilson's actions throughout the encounter, and Shaffer therefore does not state a cognizable claim of excessive force against Wilson. The Court **DISMISSES** the claim against Wilson with leave to amend so Shaffer may provide more information, if Shaffer has a legitimate basis for doing so.

**C. False Reports/Arrests**

To the extent that Shaffer challenges officers' reports or alleges he was falsely arrested, his claim may be barred by principles of abstention. It is well-established that to pursue damages for a claim of false arrest, a plaintiff must show that the arrest and any resulting conviction have been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (in order to challenge arrest or prosecution, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). Shaffer must therefore clarify in an amended complaint whether he was convicted of or pled guilty to a crime in connection with the arrest at issue before he may proceed. These claims are **DISMISSED WITH LEAVE TO AMEND**.

**D. Unlinked Defendants**

Shaffer also names the San Jose Police Department as a Defendant in this matter, but does not make any factual allegations linking them to any of his claims. All claims against it are **DISMISSED WITH LEAVE TO AMEND**. To the extent that Shaffer intended to allege municipal liability against the San Jose Police Department, Shaffer is cautioned that he must do more than name the department to state a cognizable claim against it. For example, the San Jose Police Department is a municipal entity. "[A] local government [or its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when

execution of a government's policy or custom, . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To properly plead a claim under *Monell*, it is insufficient for a plaintiff to simply allege that a policy, custom, or practice exists. *AE v. County of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). Under the more stringent pleading requirements set forth in *Twombly* and *Iqbal*, a plaintiff must allege sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow a municipal entity to effectively defend itself. *Id.* at 636–37 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

### E. Petition to File Late Claim

As noted, Shaffer filed a "petition" to file a late claim, arguing that his incarceration, serious mental health issues, and inability to obtain police reports until May 2026 entitle him to equitable tolling. *See generally* ECF No. 3. Because the Court is dismissing the complaint with leave to amend and the statute of limitations is an affirmative defense, the Court declines to analyze the issue *sua sponte* at screening. *See Krug. v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990). The Court therefore **DENIES** the petition without prejudice to Shaffer litigating the issue if Defendants raise the statute of limitations as a defense in a future motion.

## IV. CONCLUSION

The Court orders as follows:

1. Shaffer's motion to file a late claim (ECF No. 3) is **DENIED** without prejudice to him litigating the issue of timeliness should Defendants raise it.
2. Shaffer states cognizable claims of excessive force against Huiskens and Jefferson.
3. All other claims are **DISMISSED WITH LEAVE TO AMEND**.
4. Shaffer has been granted limited leave to amend his Complaint. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint

completely replaces the original, Shaffer must include all claims and allegations of fact supporting them. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Shaffer is cautioned that he may not incorporate material from the prior complaint by reference. He must reallege all claims he wants to pursue within the body of his complaint, including the cognizable claims addressed above. Failure to amend within the designated time will result in this action moving forward only as to the claims of excessive force against Huiskens and Jefferson.

5. It is Shaffer's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
6. The Clerk is requested to send a blank prisoner civil rights form to Shaffer with his copy of this order.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Noël Wise
United States District Judge